IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANIS HUNTER SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CIV-634-AMG |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Janis Hunter Smith ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has filed the Administrative Record ("AR") (Doc. 5), and the parties have fully briefed the issues. (Docs. 17, 22, 23). [1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 10, 11). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I. **Procedural History**

Plaintiff filed an application for DIB on July 4, 2020, alleging a disability onset date of June 20, 2020. (AR, at 83, 85). The SSA denied the application initially and on reconsideration. (*Id*. at 96, 118). An administrative hearing was held on September 12, 2022. (*Id*. at 38-73). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 14-34). The Appeals Council denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II. **Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 20, 2020, the alleged onset date. (AR, at 20). At Step Two, the ALJ found that Plaintiff had the severe impairments of "Disorder of the Spine, Degenerative Joint Disease of the Bilateral Knees, Obesity, [and] Use of Hearing Aide." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 22). The ALJ then determined that Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except [Plaintiff] can never have exposure to excessive noise, and be allowed to alternate from sitting to standing for five minutes one time per hour without leaving the work station.

(*Id*.) Then, at Step Four, the ALJ concluded that Plaintiff was able to perform her past relevant work as an accounting clerk, a data entry clerk, a night auditor, and a loan manager.

(*Id*. at 26).  Thus, the ALJ found that Plaintiff had not been under a disability since June 20, 2020.  (*Id*. at 27).

### III.  Claim Presented for Judicial Review

Plaintiff raises one point of error on appeal: that "the ALJ committed reversible legal error by failing to conduct a proper analysis at step four of the sequential evaluation process." (Doc. 17, at 8).  More specifically, she claims that the ALJ should have viewed Plaintiff's past relevant work "as composite in nature . . . ." (*Id*. at 10).  In addition, she argues that the ALJ erred by "fail[ing] to make any independent findings regarding the demands of [Plaintiff's] past relevant work . . . ." (*Id*. at 11).

In response, the Commissioner argues that "the ALJ properly relied on the vocational expert's testimony to categorize Plaintiff's work *and* to determine that the demands of that past work did not exceed Plaintiff's residual functional capacity" and "Plaintiff did not contend that one or more of her past jobs was a composite job at any time during the administrative process." (Doc. 22, at 1).  Therefore, the Commissioner argues, the Plaintiff has not met her burden, and the Court should affirm the decision of the ALJ. (*Id*. at 1-2).

### IV.  The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical,

3

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see id.* §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC,")[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

4

the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types

of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "an agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli*, 84 F.4th at 905.

### V. The ALJ's Findings Regarding Plaintiff's Past Relevant Work Are Supported By Substantial Evidence.

"A claimant bears the burden at step four of proving 'his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy.'" *York v. Berryhill*, No. CIV-17-835-BMJ, 2018 WL 1884823, at *5 (W.D. Okla. Apr. 19, 2018) (quoting *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993)).

> There are three possible tests for determining whether a claimant retains the capacity to perform his past relevant work: 1) "whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job;" 2) "whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it;" and 3) "whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."

*Id.* at *6 (quoting SSR 82-61, 1982 WL 31387). Here, the ALJ found that Plaintiff could perform her past relevant work under the third test. (AR, at 27).

6

If Plaintiff's past relevant work is a "composite job," she may be found not disabled at Step Four only if she has the RFC to do that job as actually performed, not just as generally performed. *York*, 2018 WL 1884823, at *6 (citing Program Operations Manual Systems: DI 25005.020(B), https://secure.ssa.gov/poms.NSF/lnx/0425005020 (last visited April 29, 2024) ("A composite job does not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'")). "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2.

Plaintiff contends that "the ALJ never addressed the fact that as a purported accounting clerk, [Plaintiff] was required to assist the general manager with *any* task . . . or that as a night auditor and loan manager, she had to also perform various customer service and office cleaning tasks while standing and/or walking up to eight hours a day." (Doc. 17, at 10) (citing AR, at 42-45, 321-23, 326-27, 330). Plaintiff argues, "those positions should have been viewed as composite in nature and therefore not been subject to reliance upon as generally performed." (*Id.*) (citing AR, at 26-27).[3]

---

[3] Plaintiff also takes issue with the ALJ's inclusion of data entry clerk as past relevant work. (Doc. 17, at 10). Due to the other three jobs identified by the ALJ as past relevant work, the potentially erroneous inclusion of data entry clerk as past relevant work would constitute harmless error. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (holding that the third job identified by the VE existed in significant numbers in the national economy and therefore the ALJ's reliance on the VE's testimony about the other two jobs, which the claimant could not perform, was harmless error); *see also Evans v. Colvin*, 640 F. App'x 731, 736, 2016 WL 362438, at *3 (10th Cir. Jan. 29, 2016) ("[W]e have held an ALJ's erroneous inclusion of some jobs to be harmless error where there remained a significant number of other jobs in the national economy.")

Plaintiff's attorney questioned her regarding her duties as a loan manager at her administrative hearing:

> Attorney: Now your duties at that job, were they primarily sitting, sedentary, were you on your feet, how would you describe for the court?
>
> Plaintiff: Mostly we were sitting but if we had a customer we had to stand, we had to lean over a counter to get the customer to sign documents.  We had to lean over a counter to pay off the funds.  If it was an auto loan we had to go out, take pictures, but any time dealing with a customer we were standing and leaning over a counter.  We also had to sweep and mop, clean the bathroom, clean the windows, do the shopping for the store which including [sic] lifting cases of paper and other supplies for the store which I was not able to do.

(AR, at 44-45).  On her work history report, Plaintiff claimed the loan manager job required her to walk, stand, sit, stoop, kneel, reach, and write, type or handle small objects eight hours a day, "[a]ll combined during the day."  (*Id*. at 322).  Also in that report, Plaintiff alleged that in her night auditor position, she was required to walk, stand, sit, climb, reach, write, type, or handle small objects eight hours a day and stoop one hour a day, "[a]ll combined during the shift." (*Id*. at 321, 326).  Plaintiff's narrative description of this job included that she took the daily deposit and documents from the hotel to the casino vault. (*Id*. at 327).  Finally, in describing her role as an accounting clerk, Plaintiff noted that she was required to sit, stoop, reach, and write, type, or handle small objects eight hours a day, '[a]ll combined during [the] day," and that the job required "assist[ing] [the] GM with any task." (*Id*. at 330).  Although Plaintiff is correct that she may raise this issue with the Court regardless of whether it was addressed at the administrative level, *see Lincoln G. v. Saul*,

2020 WL 1318794, at *7 (N.D. Okla. Mar. 20, 2020), it is factually probative that at no time during her hearing before the ALJ, where she was represented by counsel, did she raise the issue of whether her past work experiences should be deemed composite jobs, *see D.R.S. v. Kijakazi*, 2023 WL 6160697, at *2 (D. Colo. Sept. 21, 2023).

There was substantial evidence before the ALJ to support her finding that Plaintiff's past relevant work as an accounting clerk, night auditor, or loan manager did not constitute composite jobs. "[A] statement by a claimant that [s]he performed activities does not render those duties 'significant elements' of [her] job." *York*, 2018 WL 1884823, at *7. Plaintiff's testimony and self-reporting fails to establish that these additional other duties and physical movements were significant elements of her jobs as opposed to occasional tasks. *See id*. ("Plaintiff fails to make a showing that selling cars amounted to a 'significant element' of a general sales manager such that his past relevant work was a composite job.") (discussing *Blum v. Berryhill*, 2017 WL 2463170, at *2, *11 (M.D. Pa. June 7, 2017)) (finding no composite job when the claimant "had past relevant work as a fast-food restaurant manager and testified that he also delivered pizzas, answered phones, and unloaded trucks — functions in excess of the DOT description of the job"); *see also Christian v. Kijakazi*, No. CIV-22-1000-JD, 2023 WL 7497523, at *3 (W.D. Okla. Oct. 16, 2023), *report and recommendation adopted*, 2023 WL 7508178 (W.D. Okla. Nov. 13, 2023) ("Plaintiff's testimony and other evidence describe one job — that of bar manager with additional other duties."); *Posey v. Saul*, No. CIV-18-1141-D, 2019 WL 3558488, at *4 (W.D. Okla. July 18, 2019), *report and recommendation adopted*, 2019 WL 3557882 (W.D. Okla. Aug. 5, 2019) ("Here, Plaintiff did not describe elements of two or more

9

occupations; instead, she described one occupation with varying degrees of lifting requirements."). Thus, it was not error for the ALJ to analyze Plaintiff's ability to do her past relevant work as it is generally performed.

Plaintiff also argues that the ALJ's Step Four analysis was "insufficient based on the [ALJ's] failure to make any independent findings regarding the demands of her past relevant work" outside of the VE's testimony. (Doc. 17, at 10-11). The ALJ found, in relevant part:

> In comparing the [Plaintiff's] residual functional capacity with the physical and mental demands of this work, the undersigned finds that the [Plaintiff] is able to perform it as generally performed. The vocational expert testified that a hypothetical person with the same vocational profile and limitations as the [Plaintiff] could return to past work, as an accounting clerk, data entry clerk, night auditor, and loan manager, as generally performed in the national economy. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. However, the vocational expert testified that topics such as a sit/stand option are not covered by the DOT and her testimony on such topics was based upon her training and experience.

(AR, at 27). "The agency accepts the DOT's definitions as reliable evidence at step four of the functional demands and job duties of a past job as it is usually performed in the national economy." *Medina v. Barnhart*, 68 F. App'x 890, 893 (10th Cir. 2003). In making her determination, the ALJ properly relied on both the DOT's definitions of each job and the VE's testimony regarding Plaintiff's limitations and her past relevant work and relied on the VE's testimony to further qualify Plaintiff's ability to do sedentary work.

Plaintiff has not met her burden to prove her inability to return to past relevant work. The ALJ's decision is supported by substantial evidence and, accordingly, the Commissioner's decision should be affirmed.

## VI.  Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 1st day of May, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE